Dear Ms. Wooten:
We are in receipt of your request for review and approval of the proposed amendment to the charter of the City of New Roads, as per R.S. 33:1181. The proposed amendment will affect elections to the seats on the City Council of New Roads by changing the method of election from five members elected at-large to one member to be elected at-large, and four members to be elected from two election districts (two from each district). The at-large member is to serve as Mayor Pro-tem.
LSA-R.S. 33:1181 provides:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title [the Lawrason Act], desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and when so recorded, shall have the force and effect of law.
The City of New Roads was chartered by Act 34, in 1875, and operates under a special legislative charter. The City of New Roads adopted the amendment to the special charter, Ordinance No. 02-1998, on February 17, 1998. Notice of the Ordinance containing the charter amendment was then published three times in ThePointe Coupee Banner, a newspaper of general circulation in the City of New Roads. An affidavit of publication certifies the appearance of the publication on February 25, March 5, and March 12, 1998. Additionally, more than thirty days have passed since the final publication of the Notice, and there has been no petition or protest by any elector of the City of New Roads.
In conclusion, it is the opinion of this office that the City of New Roads has complied with the provisions of R.S. 33:1181 and that the proposed amendment, Ordinance No. 02-1998, to the special charter of the City of New Roads complies with the constitution and laws of the United States and the State of Louisiana. The City of New Roads is responsible for obtaining Section 5 approval under the provisions of the 1965 Voting Rights Act, 42 U.S.C. § 1973, and is responsible for filing the amendment with the Secretary of State, pursuant to LSA-R.S.33:1181.1.
Should you have any further questions concerning this matter, please feel free to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr